IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND PULU,<br><br>           Movant,<br><br>   vs.<br><br>UNITED STATES OF AMERICA,<br><br>           Respondent. | CIVIL NO. 04-00540 HG-KSC<br>CRIMINAL NO. 98-00411 HG-02 |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 1 8 2005

at 1 o'clock and 32 min
WALTER A.Y.H. CHINN, CLERK

**ORDER LIFTING STAY OF PROCEEDINGS**
and
**DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255**
and
**DENYING MOTION FOR APPOINTMENT OF COUNSEL**

The present case involves a motion brought pursuant to 28 U.S.C. § 2255. In a December 14, 2004 order, the Court stayed Raymond Pulu's Motion for Appointment of Counsel and the proceedings in the present case pending the decision of two cases then before the Supreme Court. On January 12, 2005, the Supreme Court issued United States v. Booker, __ U.S. __, 125 S. Ct. 738 (2005), deciding the two cases. The stay of proceedings is LIFTED.

Raymond Pulu ("Movant") argues that he was sentenced above the maximum time allowed based on the facts found by the jury at

his trial. Movant claims the Court's finding of additional facts enhanced his sentence above the maximum allowed and violated his Sixth Amendment rights pursuant to Blakely v. Washington, __ U.S. __, 124 S. Ct. 2531 (2004).

The motion for habeas corpus relief, brought over one year after Movant's conviction became final, appears to be time-barred pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Government did not raise the issue of the running of the statute of limitations when it responded to the Motion. The Government has waived the argument that the Motion is time-barred.

Movant's conviction was final at the time of the Blakely decision. The present motion argues for the retroactive application of Blakely and Booker to Movant's conviction. For the reasons set forth below, the new right recognized in Blakely, and applied to the Federal Sentencing Guidelines in Booker, is not applicable retroactively to cases on collateral review. The motion is DENIED. Appointment of counsel would not change the Court's ruling on the Motion pursuant to § 2255. The Motion for Appointment of Counsel is also DENIED.

## PROCEDURAL HISTORY

On March 5, 1999, Movant was found guilty in a jury trial of three counts of conspiracy to distribute and possession with intent to distribute cocaine and methamphetamine.

On February 10, 2000, the Court sentenced Movant to 188 months imprisonment on each of the three counts with the sentences to run concurrently. Movant received five years of supervised release as to each of the three counts with the terms to run concurrently.

On February 15, 2000, the Court entered Judgment in Movant's case.

On February 16, 2000, the Movant filed a Notice of Appeal to the Ninth Circuit Court of Appeals.

On October 9, 2002, the Ninth Circuit Court of Appeals entered judgment affirming Movant's conviction.

On April 28, 2003, the United States Supreme Court denied Movant's petition for a writ of certiorari.

On September 2, 2004, Movant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, an application to proceed without prepayment of fees, and a motion for appointment of counsel.

On October 1, 2004, the Government filed a memorandum in opposition to Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

On December 7, 2004, the Court issued an order denying Movant's application to proceed without prepayment of fees, and staying Movant's motion for appointment of counsel and the proceedings.

On December 14, 2004, the Court issued an amended order containing minor errata to the December 7, 2004 order.

## ANALYSIS

### I. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 places a one-year statute of limitations on 28 U.S.C. § 2255 motions. The statutory limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Equitable tolling of AEDPA's limitations period is allowed "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (internal quotations and citations omitted). No grounds for equitable tolling have been presented in the present case.

The determination of the date of final judgment in a criminal case for § 2255 statute of limitations purposes requires careful attention. If the movant does not pursue a direct appeal to the court of appeals, the conviction becomes final ten days after the entry of the district court's final entry of judgment or order. United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). The date of the judgment, Saturdays, Sundays, and court holidays are excluded. Fed. R. App. P. 26(a). If the movant pursues a direct appeal to the court of appeals, but does not file a petition for writ of certiorari with the United States Supreme Court, the conviction becomes final when the time for filing a certiorari petition elapses. United States v. Garcia, 210 F.3d 1058, 1060 (9th Cir. 2000). A writ of certiorari before the Supreme Court is timely when it is filed within 90 days after the date the court of appeals enters judgment (not the date the court of appeals issues a mandate). Sup. Ct. R. 13. If the movant pursues direct appeal and then files a petition for writ of certiorari with the United States Supreme Court, the conviction becomes final when the Supreme Court finally denies the writ or issues a decision on the merits. Schwartz, 274 F.3d at 1223.

Movant's case became final on April 28, 2003 when the Supreme Court denied his petition for a writ of certiorari. Movant filed this motion over one year after his conviction

became final.

Although the present Motion appears time-barred, the Court may not address the issue of the statute of limitations. Here, the Government has responded to a habeas motion and not raised the running of the statute of limitations as a defense, the Government has waived the argument, and the district court may not raise it sua sponte. Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004).

## II. RETROACTIVE APPLICATION OF BLAKELY and BOOKER

Blakely and Booker do not afford Movant any relief. Movant's judgment was final on April 28, 2003, over one year before the date Blakely was decided on June 24, 2004. The new right recognized in Blakely and made applicable to the Sentencing Guidelines in Booker does not apply retroactively to cases on collateral review.

### A. Retroactivity of New Rules to Cases on Collateral Review

We look to two cases on the retroactivity of new criminal rules: Griffith v. Kentucky, 479 U.S. 314 (1987) and Teague v. Lane, 489 U.S. 288 (1989). Together the two cases provide that new criminal rules are always retroactive to cases not yet final or pending on direct review, Griffith, 479 U.S. at 323, but are rarely applicable to final cases on collateral review through habeas petitions. Teague, 489 U.S. at 310.

The <u>Teague</u> analysis involves a three-step process. First, the court must determine when the defendant's conviction became final. <u>Beard v. Banks</u>, __ U.S. __, 124 S. Ct. 2504, 2510 (2004). Movant's case became final on April 28, 2003.

Second, the court must determine if the rule is "new." <u>Beard</u>, 124 S. Ct. at 2510. A decision of the Supreme Court announces a new rule if "the result was not dictated by precedent existing at the time the defendant's conviction became final." <u>Teague</u>, 489 U.S. at 301 (emphasis omitted). <u>Blakely</u> announced a new rule that was not dictated by existing precedent. In the time period between <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and <u>Blakely</u>, no circuit court of appeals held a sentencing guideline system, state or federal, to violate the Sixth Amendment pursuant to <u>Apprendi</u>.

Third, the court must decide whether the issue raised in <u>Blakely</u> falls within either of the two <u>Teague</u> exceptions to the general rule that new rules are not applied retroactively to cases on collateral review. The two <u>Teague</u> exceptions are:

> First, a new rule should be applied retroactively if it places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe. Second, a new rule should be applied retroactively if it requires the observance of those procedures that...are implicit in the concept of ordered liberty.

<u>Teague</u>, 489 U.S. at 307 (internal citations and quotations omitted).

7

The first exception is referred to as the "substantive" exception, and the second exception as the "procedural" exception. Teague held that not every constitutional violation is so "implicit in the concept of ordered liberty" so as to require retroactive application of a new rule prohibiting the violation. Id. at 311. The Court recognized the importance of finality in conviction and "limit[ed] the scope of the second exception to those new procedures without which the likelihood of an accurate conviction is seriously diminished." Id. at 313.

The Teague Court also established an "all in" or "all out" principle of retroactivity. Either the right is retroactive and all prisoners, no matter how long their judgments have been final, may raise the right in habeas petitions, or the right is not retroactive and no prisoner may successfully assert the right through a habeas petition. When a new rule is made retroactive to prisoners on collateral review, the rule applies to all prisoners. Id. at 316.

### B. The Applicability of the Teague Exceptions to Blakely and Booker

The district court must apply the Teague test in the first instance when it is unclear if a new constitutional rule created by the Supreme Court applies retroactively on collateral review. United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir. 2002) (analyzing whether Teague exceptions made Apprendi retroactive to final cases pending on collateral review); United States v.

8

Swinton, 333 F.3d 481, 486 (3rd Cir. 2003); Ashley v. United States, 266 F.3d 671, 674 (7th Cir. 2001); Wiegand v. United States, 380 F.3d 890, 892-93 (6th Cir. 2004).

Movant's case was final at the time of the Blakely decision on June 24, 2004.[1] He may only take advantage of the Blakely and Booker decisions if they are retroactively applicable to cases on collateral review.

The first Teague exception does not apply to the present motion. Blakely and Booker only apply to sentencing and do not affect the criminality of any individual conduct. The new rule announced does not place "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." Teague, 489 U.S. at 307.

The second Teague exception only applies if the Blakely holding mandates new procedures that "are implicit in the concept of ordered liberty." Id. (internal citations and quotation marks omitted). The issue is a matter of first impression in the Ninth Circuit.

The Supreme Court's silence on the retroactivity issue in the Booker and Blakely opinions implies that the new rule

---

[1] There is an open question as to which decision, Blakely or Booker, created the new Sixth Amendment right. The distinction is relevant for habeas petitioners whose cases were not yet final when Blakely was decided but were final when Booker issued. The Court need not rule on the issue in the present case. Movant's case was final when Blakely was decided.

9

announced is not retroactive. The <u>Teague</u> Court noted that "[i]n our view, the question whether a decision announcing a new rule should be given prospective or retroactive effect should be faced at the time of that decision." <u>Teague</u>, 489 U.S. at 300 (internal citation and quotation marks omitted).[2] The <u>Blakely</u> decision did not state that it was retroactive to cases on collateral review. <u>Booker</u>, which extended <u>Blakely</u> to the federal sentencing guidelines, explicitly stated that it would be applicable to cases on direct review, but did not address retroactivity on collateral review. <u>Booker</u>, 125 S. Ct. at 769.

The Supreme Court's decision in <u>Schriro v. Summerlin</u>, __ U.S. __, 124 S. Ct. 2519 (2004), decided on the same day as <u>Blakely</u>, indicates that the Supreme Court is unlikely to apply <u>Blakely</u> retroactively to cases on collateral review. <u>Schriro</u> addressed the retroactivity of <u>Ring v. Arizona</u>, 536 U.S. 584 (2002) (holding that <u>Apprendi</u> required the existence of an aggravating factor resulting in a death sentence to be proved to a jury rather than to a judge). <u>Schriro</u> was a habeas challenge

---

[2] The Supreme Court has not always followed its statement in <u>Teague</u>, and has, on occasion, recognized a new rule and applied the new rule retroactively in a later opinion. In <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998), the Court retroactively applied, pursuant to the first <u>Teague</u> exception, a new right recognized three years earlier in <u>Bailey v. United States</u>, 516 U.S. 137 (1995). <u>Bailey</u> was a case on direct appeal. <u>Bailey</u> held that a conviction for using a firearm during a drug-trafficking offense requires evidence of active use of the firearm. <u>Bailey</u> was silent on the issue of the retroactivity as to the new right recognized.

to a death sentence imposed pursuant to the same Arizona law struck down in Ring. The death sentence was imposed before the Court's Apprendi and Ring decisions. The Court applied the Teague analysis and held that the Ring holding did not apply retroactively to cases on collateral review and that the petitioner could not challenge his death sentence through habeas. Schriro, 124 S. Ct. at 2526. The Court held that the new rule did not meet Teague's second retroactivity exception for "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Id. at 2524 (internal quotations omitted).

The Ninth Circuit Court of Appeals has held that Apprendi is not applicable retroactively to habeas petitions. In Sanchez-Cervantes, the court held that the Apprendi rule did not meet the Teague exceptions to the general non-retroactivity of new rules. Sanchez-Cervantes, 282 F.3d at 667. The court stated that the Apprendi rule did not affect the risk that "the innocent will be convicted." Id. at 668-69. The Apprendi rule addressed sentencing procedures for defendants already convicted.

It appears unlikely that the Ninth Circuit Court of Appeals would find the Blakely holding retroactive to cases on collateral review given Schriro and Sanchez-Cervantes. The constitutional violations cured by Blakely and Booker do not affect the accuracy of the underlying criminal conviction or increase the risk that

an innocent person will be adjudged guilty. The new right affects sentencing procedures. In <u>Schriro</u>, the Supreme Court declined to make a right curing unconstitutional sentencing procedures retroactive in cases where the procedures resulted in imposition of the death penalty. <u>Blakely</u> was more limited than <u>Schriro</u> in that it only seeks to prevent sentences above the maximum sentence permitted "on the basis of the facts reflected in the jury verdict or admitted by the defendant." <u>Blakely</u>, 124 S. Ct. at 2537.

Other courts of appeals that have addressed the retroactivity issue following the <u>Booker</u> decision have found that <u>Blakely</u> and <u>Booker</u> do not apply retroactively pursuant to the second <u>Teague</u> exception. <u>Humphress v. United States</u>, 398 F.3d 855 (6th Cir. 2005); <u>McReynolds v. United States</u>, 397 F.3d 479, 481 (7th Cir. 2005); <u>United States v. Price</u>, __ F.3d __, 2005 WL 535361 (10th Cir. Mar. 8, 2005); <u>Varela v. United States</u>, __ F.3d __, 2005 WL 367095 (11th Cir. Feb. 17, 2005).

<u>Blakely</u> and <u>Booker</u> do not provide Movant a basis for relief because <u>Blakely</u> and <u>Booker</u> do not apply retroactively to cases on collateral review. The motion for habeas corpus relief is DENIED.

## III. MOTION FOR APPOINTMENT OF COUNSEL

Appointment of counsel is required if the movant is financially eligible and an evidentiary hearing is mandated or to

12

prevent a due process violation. <u>Knaubert v. Goldsmith</u>, 791 F.2d 722, 728 (9th Cir. 1986); <u>Chaney v. Lewis</u>, 801 F.2d 1191, 1196 (9th Cir. 1986) <u>cert. denied</u> 481 U.S. 1023 (1987). If an evidentiary hearing is not necessary to resolve a habeas motion, appointment of counsel is discretionary and turns on a movant's ability to articulate his claims in light of the complexity of the issues and his likelihood of success on the merits. <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). A district court may appoint counsel to represent a habeas movant whenever "the court determines that the interests of justice so require." 18 U.S.C. § 3006A. The decision to appoint counsel is within the discretion of the district court, and discretion is only abused when counsel is constitutionally required. <u>Knaubert</u>, 791 F.2d at 728. Counsel is not constitutionally required in the present case. The interests of justice do not require appointment of counsel as neither <u>Blakely</u> nor <u>Booker</u> afford Movant relief.

## CONCLUSION

In accordance with the foregoing, it is HEREBY ORDERED THAT:

1. The Stay of Proceedings is LIFTED.

2. Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is DENIED.

3. The Motion for Appointment of Counsel is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 18, 2005.

_____
Helen Gillmor
United States District Judge

---

Pulu v. United States of America, Civil No. 04-00540 HG-KSC; Criminal No. 98-00411 HG-03; **ORDER LIFTING STAY OF PROCEEDINGS AND DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**